IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03307

WILDEARTH GUARDIANS

      Plaintiff,

  v.

GINA McCARTHY, in her official capacity as
ADMINISTRATOR,
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY

      Defendant.

---

## CONSENT DECREE

---

This Consent Decree is entered into by Plaintiff WildEarth Guardians ("Guardians"), and by Defendant Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency, and the Environmental Protection Agency (collectively "EPA").

## RECITALS

A.      Guardians filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that EPA failed to take action on certain State Implementation Plan ("SIP") submissions from the State of Colorado within the time frame required by CAA section 110(k)(2), 42 U.S.C. § 7410(k)(2). The complaint further sought to compel EPA to take final action on these submissions by a date certain.

B.      Guardians filed an amended and supplemental complaint ("Amended Complaint") pursuant to CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), alleging that EPA failed to take action on additional SIP submissions from the States of Colorado, North Dakota, South Dakota, and Utah within the time frame required by CAA section 110(k)(2), 42 U.S.C. § 7410(k)(2).  The Amended Complaint further sought to compel EPA to take final action on these submissions by a date certain.

C.      Guardians and EPA (the "Parties") negotiated a proposed Consent Decree, which EPA lodged with the Court on August 28, 2013.  This Consent Decree included certain dates by which EPA would act on the SIP submissions specified in the Amended Complaint.

D.      Pursuant to 42 U.S.C. § 7413(g), EPA gave notice of availability of the proposed Consent Decree in the Federal Register on October 1, 2013.  See 78 Fed. Reg. 60,280.

E.      After lodging the proposed Consent Decree with the Court and giving notice in the Federal Register, EPA requested extensions on a number of the deadlines in the proposed decree, pursuant to the terms therein.  The temporary lapse of federal appropriations in October 2013 was one of the chief reasons a revision of the original proposed deadlines was required. The parties then negotiated new deadlines for several dates and a revised litigation cost settlement, which are reflected in this final Consent Decree.

F.      The Parties agree that EPA has taken final action on the following SIP submissions in accordance with the proposed Consent Decree:

a.      On or before September 16, 2013, EPA took final action on the State of Colorado's proposed SIP revision for maintenance of $PM_{10}$ levels in Cañon City, Colorado, which Colorado submitted to EPA on or about June 18, 2009.

2

b.     On or before September 16, 2013, EPA took final action on the State of Colorado's proposed SIP revision to the maintenance plan for carbon monoxide in Colorado Springs, Colorado, which Colorado submitted to EPA on or about March 31, 2010.

c.     On or before September 16, 2013, EPA took final action on the State of Colorado's proposed SIP revision to the maintenance plan for carbon monoxide in Greeley, Colorado, which Colorado submitted to EPA on or about March 31, 2010.

d.     On or before November 12, 2013, EPA took final action on the State of Utah's proposed SIP revision regarding Utah's greenhouse gas tailoring rule, which Utah submitted to EPA on or about April 14, 2011.

e.     On or before November 12, 2013, EPA took final action on the State of Colorado's proposed SIP revision for defining $PM_{2.5}$ as a regulated pollutant under Regulation 3, which Colorado submitted to EPA on or about May 25, 2011.

f.     On or before November 12, 2013, EPA took final action on the State of Colorado's proposed SIP revision for increasing stationary source emissions fees under Regulation 3, which Colorado submitted to EPA on or about June 18, 2009.

g.     On or before January 28, 2014, EPA took final action on the State of Colorado's proposed SIP revision for maintenance of $PM_{10}$ levels in Telluride, Colorado, which Colorado submitted to EPA on or about March 31, 2010.

h.     On or before January 14, 2014, EPA took final action on the State of Colorado's proposed SIP revision for changing transportation conformity rules to reflect changes in federal transportation legislation under Regulation 10, which Colorado submitted to EPA on or about June 18, 2009.

3

i.      On or before December 20, 2013, EPA took final action on the State of Colorado's proposed SIP revision for maintenance of $PM_{10}$ levels in Aspen, Colorado, which Colorado submitted to EPA on or about May 25, 2011.

j.      On or before February 27, 2014, EPA took final action on the State of Colorado's proposed SIP revision for maintenance of $PM_{10}$ levels in Pagosa Springs, Colorado, which Colorado submitted to EPA on or about March 31, 2010.

k.      On or before February 25, 2014, EPA took final action on the State of Colorado's proposed SIP revision regarding Colorado's greenhouse gas tailoring rule, which Colorado submitted to EPA on or about May 25, 2011.

l.      On or before March 25, 2014, EPA took final action on the State of South Dakota's proposed SIP revision regarding South Dakota's greenhouse gas tailoring rule, which South Dakota submitted to EPA on or about June 20, 2011.

G.      The Parties wish to effectuate a settlement of the above-captioned case without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact.

H.      The Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned case and consent to entry of this Consent Decree.

I.      The Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq.*

GENERAL PROVISIONS

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

4

1.      This Court has subject matter jurisdiction over the claims set forth in Guardians' Amended Complaint and to order the relief contained in this Consent Decree. Venue is proper in the United States District Court for the District of Colorado.

2.      Guardians and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. This Consent Decree constitutes a complete and final resolution of all claims that have been asserted in the Complaint.

3.      This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Consent Decree, the obligations set forth in this Decree are null and void.

4.      By April 10, 2014, EPA shall sign a notice of final action to approve, disapprove, approve in part and disapprove in part, or conditionally approve the State of North Dakota's proposed SIP revision for ambient air quality standards for $SO_2$, $NO_x$, and Lead, and State Permit Rule Revisions, which North Dakota submitted to EPA on or about April 14, 2011.

5.      By May 30, 2014, EPA shall sign a notice of final action to approve, disapprove, approve in part and disapprove in part, or conditionally approve the State of South Dakota's proposed SIP revision for the state's new source review permitting changes, which South Dakota submitted to EPA on or about June 20, 2011.

6.      By May 30, 2014, EPA shall sign a notice of final action to approve, disapprove, approve in part and disapprove in part, or conditionally approve the State of South Dakota's proposed SIP revision of the state's general rule and new source review permitting changes, which South Dakota submitted to EPA on or about June 14, 2010.

7.      Following signature of the notice of any final rulemaking referenced above, EPA shall promptly submit the notice for review and publication by the Office of the Federal Register.

EPA agrees to provide notice to Guardians by email as set forth in Paragraph 14 upon signature of the notice of final action and upon submission of the notice to the Office of the Federal Register.

8.      The deadlines in Paragraphs 4 through 6 may be extended by written stipulation executed by counsel for EPA and Guardians and filed with the Court. Any other extension of the deadlines in Paragraphs 4 through 6 or modification of this Consent Decree may be approved by the Court upon motion made pursuant to the Federal Rules of Civil Procedure by any Party to this Consent Decree and upon consideration of any response by the non-moving Parties and reply by the moving party.

9.      The United States agrees to pay Guardians as full settlement of all claims for attorneys' fees, costs, and expenses incurred in this litigation through the date of lodging this Consent Decree, under any authority, the sum of $8,170.00, as soon as reasonably practicable following entry of this Consent Decree, by electronic funds transfer to a bank account identified by Guardians. Guardians agrees to accept $8,170.00 in full satisfaction of any and all claims for costs and attorneys' fees with respect to this case, except that Guardians reserves the right to seek fees pursuant to 42 U.S.C. § 7604(d) for any additional work performed after the lodging of this Consent Decree, including attorneys' fees for extensions of any deadlines in Paragraphs 4 through 6 requested by EPA and costs and attorney's fees for enforcement of the Consent Decree in the future. Nothing in this Paragraph shall be construed as an admission or concession by EPA that Guardians is entitled to or eligible for recovery of any costs or attorneys' fees, and EPA reserves all defenses with respect to any future fee claim. The amount of attorneys' fees or rates under this Paragraph shall have no precedential value in any future fee claim.

6

10.     Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified by Paragraphs 4 through 6 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

11.     Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law or to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the proposed SIP revisions identified in Paragraphs 4 through 6 of this Consent Decree.

12.     Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d. Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13.     The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

14.     Any notices required or provided for by this Consent Decree shall be made in writing and sent via e-mail to the following:

**For Guardians:**

Ashley Wilmes
awilmes@wildearthguardians.org

Stuart Wilcox
swilcox@wildearthguardians.org

**For EPA:**

Daniel Pinkston
daniel.pinkston@usdoj.gov

Elyana Sutin
Sutin.elyana@epa.gov

Steve Odendahl
Odendahl.steve@epa.gov

Susmita Dubey
Dubey.susmita@epa.gov

15.     In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten business days after receipt of the notice, any Party may move the Court to resolve the dispute.

16.     No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless the Party seeking to enforce this Consent Decree has followed the procedure set forth in Paragraph 15.

17.     The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including reasonable attorneys' fees). After EPA's obligations under Paragraphs 4

through 6 have been completed, this consent decree shall be terminated. The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion, and Plaintiff shall have twenty days in which to respond to such motion.

18.     EPA has provided notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).

19.     It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by the Parties and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

20.     The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

SO ORDERED this _11_ day of _April_ 2014.

_____
United States District Judge

SO AGREED:

FOR PLAINTIFF WILDEARTH GUARDIANS

Dated: April 9, 2014

_____
STUART WILCOX, Esq.
WildEarth Guardians
1840 Vine St. #5
Denver, CO 80206
(720) 331-0385
swilcox@wildearthguardians.org

9

ASHLEY WILMES, Esq.
WildEarth Guardians
680 W. Hickory St.
Louisville, CO 80027
(859) 312-4162
awilmes@wildearthguardians.org


FOR DEFENDANTS EPA AND
    AND GINA McCARTHY:


ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division

Dated: April 9, 2014          By: _Daniel Pinkston_____

DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1804
daniel.pinkston@usdoj.gov